# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 4718 | DATE | 12/9/2004 |
| CASE TITLE | Paul E. Blair, et al. Vs. Sherman Acquisition L.P., et al. | | |

MOTION:

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Motion of defendant Vital Recovery Services, Inc. is granted as to join in co-defendants' motion to dismiss (30-2) and is granted in part and denied in part as to dismiss (30-1). Motion of defendants Account Solutions Group LLC and Capital Management Services, Inc. is granted as to join in co-defendants' motion to dismiss and is granted in part and denied in part as to dismiss (31-1). Defendants' motion to dismiss (27-1) is granted in part and denied in part.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | DEC 1 3 2004 | |
| | Notified counsel by telephone. | | | date docketed | |
| | Docketing to mail notices. | | | docketing deputy initials | 42 |
| | Mail AO 450 form. | | | 12/10/2004 | |
| | Copy to judge/magistrate judge. | | | date mailed notice | |
| CW | | courtroom deputy's initials | | CW6 mailing deputy initials | |

U.S. DISTRICT COURT

2004 DEC 10 PM 5:03

Date/time received in central Clerk's Office

DEC 1 6 2004

BLAIR, et al.                          )
                                       )
        PLAINTIFFS,                    )
                                       )
    v.                                 )     NO.04 C 4718
                                       )     Paul E. Plunkett, Senior Judge
                                       )
SHERMAN ACQUISITION, et al.,           )
                                       )
        DEFENDANTS.                    )


## MEMORANDUM OPINION AND ORDER

Paul E. Blair and Erika T. Wepner ("Plaintiffs") have filed a Complaint against Sherman

Acquisition LP ("SA"), Sherman Acquisition II LP ("SA2"), Sherman Financial Group ("SFG"),

Sherman General Partners SPE, LLC ("SGP"), Sherman Acquisition II General Partner ("SA2GP"),

Alegis Group LP ("AGLP"), Alegis Group LLC ("AGLLC") ("Sherman Defendants"), Account

Solutions Group LLC ("ASG"), Vital Recovery Services, Inc. ("VRS"), Capital Management

Services, Inc ("CMS"), or (all defendants as ("Defendants") seeking to recover statutory damages

and attorneys' fees and costs that Plaintiffs incurred in connection with this suit. Defendants have

filed a Federal Rule of Civil Procedure (Rule)12(b)(6) Motion to Dismiss all of the claims asserted

against them. Defendants assert that Plaintiffs have not presented a claim under which relief can

be granted. In addition to adopting the arguments of Sherman Defendants, VRS, ASG, and CMS

have added that the claim against them should also be dismissed because they are not the members

of the group against which the Complaint is directed. For the reasons set forth below, Defendants'

Motion is granted in part and denied in part.

## Facts

Plaintiffs are two consumers who had outstanding debts. Plaintiffs allege that between July 19, 2003 and August 8, 2004, they received standard collection form letters from Defendants. Plaintiffs claim that Defendants are debt collectors. Defendants agree to that label only for purposes of this Motion. According to Plaintiffs, SA, SA2, and SFG are in the business of buying bad debts. (Complaint ¶ 6, 10,16.) SGP and SA2GP are alleged general partners of SA and SA2, respectively. (Complaint ¶ 8, 18.) AGLP allegedly operates a collection agency and its general partner is AGLLC. (Complaint ¶ 27,29.) In August, AGLP sent a collection letter to Blair, which contained a Sherman Companies Privacy Notice on the reverse side ("Privacy Notice"). (Complaint ¶ 48-51.) In October 2003, ASG sent a collection letter to Blair, allegedly on behalf of SA and SFG, which also had a Privacy Notice on the reverse side. (Complaint ¶39-44.) In September 2003, CMS sent a letter to Blair, allegedly on behalf of SA and SFG which also included a Privacy Notice. (Complaint ¶53-58.) In June 2004 VRS sent a collection letter to Wepner that was allegedly on behalf of SA, SA2, and SFG that included a Privacy Notice. (Complaint ¶60-64.)

These Privacy Notices apprise consumers of the specific information that the Sherman Companies may collect about the consumer. (Complaint Ex. A.) The Sherman Companies are defined as Sherman Financial Group, Sherman Capital Markets, Sherman General Partner, Resurgent Capital Services, Sherman Investments, Sherman Originator, Sherman Holdings, Bailey Holdings, Sherman Acquisition, Alegis Group LLC, Alegis Group LP, Nassau Mortgage, and Ascent Card Services. *Id.* The Privacy Notices specifically articulate that the Sherman Defendant may use "collected information," defined as information they receive from the account file at the time of purchase; information on applications, questionnaires, or through discussions; information about

transactions with the Sherman Companies; information they receive from their consumer reporting agencies and other third party providers; and other public information. *Id.* The Privacy Notice also informs the consumer that the Sherman Companies "may enter into agreements with other providers of financial products and services, where those providers may perform services for Sherman Companies, or may join with Sherman Companies to provide products and services to current and former customers." *Id.*

This Complaint is premised on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692. Specifically, Plaintiff alleges that through the Privacy Notice, Defendants violated the FDCPA §1692c(b) for communicating with unauthorized third parties concerning Plaintiffs' debt without the consumers' consent; §1692d(3) for harassing the consumers; §1692d(4) for acting in an abusive manner during the collection process; and §1692e for making misleading representations. Defendants contend that they are not in violation of FDCPA; rather, they are in full compliance of the FDCPA, and affirmatively defend that the Gramm-Leach-Bliley Act ("GLB"), which also regulates sharing personal debt information with third parties, expressly permits their conduct.

## Legal Standard

On a Rule 12(b)(6) motion to dismiss, the court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). The plaintiff need not include a detailed outline of a claim's basis. He must, however, include "either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Carr Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101,1106 (7th Cir. 1984), *cert. denied*, 470 U.S.

1054 (1985). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Furthermore, any ambiguities or doubts concerning the sufficiency of the claim must be resolved in favor of the pleader. *Id.*

## Discussion

Defendants have moved to dismiss Plaintiffs' Complaint stating that they were in full compliance of the FDCPA, while Plaintiffs allege that Defendants are in violation of 15 U.S.C. §1692. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors. 15 U.S.C. §1692 (e). Because it is designed to protect consumers, the FDCPA is, in general, liberally construed in favor of consumers to effect its purpose. *Ross v. Commercial Fin. Servs., Inc.*, 31 F. Supp. 2d 1077, 1079 (N.D. Ill. Jan. 7, 1999) (citing *Cirkot v. Diversified Fin. Servs., Inc.*, 839 F. Supp. 941 (D. Conn. 1993)). Whether a communication or other conduct violates the FDCPA is determined by analyzing it from the prospective of an "unsophisticated consumer." *Id.* (citing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). This standard protects the consumer who is "uninformed, naive, or trusting," while at the same time requiring that the unsophisticated consumer possess objective element of reasonableness. *Id.* Including the objective element in the standard insulates debt collectors from liability for "unrealistic or peculiar interpretations of collection letters." *Id.*

## Communication with Third Party

Section 1692c(b) of 15 U.S.C. generally prohibits debt collectors from communicating with third parties:

> Communication with third parties. Except as provided in section 804 without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

Under Section §1692c(b), without prior consent, a debt collector may not communicate with a third party regarding the collection of a debt, except to secure "location information" permitted under strict limitations of §1692b. 15 U.S.C. §1692c(b).   Under the Act, a "communication" is defined as "conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C.§1692a(2).

Like all cases involving statutory interpretation, it must first be determined if the language of the statute resolves the issue. *Bailey v. Sec. Nat'l Serv. Corp.*, 154 F. 3d 384, 387 (7th Cir. 1998). The Supreme Court has stated that "[a] statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant." *U.S. v. Campos-Serrano*, 404 U.S. 293 (1971) (quoting *Washington Mkt. Co. v. Hoffman*, 101 U.S. 112, 115-16 (1879)). All provisions of the statute must be considered and each term must be interpreted equally, so as not to deflect from the meaning of the statute.   *West v. Nationwide Credit*, 998 F. Supp. 642, 644 (W.D.N.C. 1998). Specifically, as to 15 U.S.C. §1692, every clause and word must be given force and §1692c(b) should be broadly interpreted to prohibit a debt collector from

conveying any information to a third party that concerns a debt (except for the purpose of obtaining location information as permitted under §1692b). *Id.* at 645.

How consumers or audiences are affected by a Privacy Notice *is a question of fact, which* may be explored by testimony and devices such as consumer surveys. *Walker v. Nat'l Recovery, Inc., 200 F.3d 500, 501 (7th Cir. 1999).* A complaint alleging that a particular notice is not clear may not be dismissed under Federal Rule of Civil Procedure 12(b)(6) because district judges are not the proper models for the "unsophisticated consumers" that were contemplated under the statute. *Id.* (noting "unsophisticated readers may require more explanation than do federal judges; what seems pellucid to a judge, a legally sophisticated reader, may be opaque to someone whose formal education ended after sixth grade"). Further, to learn how an unsophisticated reader reacts to a letter, the judge may need to receive evidence. *Id.* at 501. (citing *Johnson v. Revenue Mgmt. Corp., 169 F.3d 1057, 1060 (7th Cir. 1999)).*

Plaintiffs claim that Defendants' communication with third parties is a direct violation of §1692c(b). Defendants move to dismiss this claim, arguing that the letters in question were not a "communication" within the meaning of the Act because they did not indicate that the purpose of the letters was debt collection. Rather, they contend the purpose was for offering services and products to Plaintiffs. Here, the statute clearly reads that in connection with the *collection of a debt* there may not be communication with unauthorized third parties. Plaintiffs assert that Defendants' job inherently is in connection with debt collection and that Defendants *should be considered as* communicating in connection of the collection of a debt. This point is apparently unclear to the consumer as evidenced by Plaintiffs' and Defendants' varied perceptions of Defendants' conduct.

Additionally, peering through the eyes of the unsophisticated consumer and leaving our judicial and educational expertise aside, it is reasonable to conclude that an average person could construe the Privacy Notice language to mean that a third party, other than those permitted under §1692c(b), is going to receive information about our debts. Furthermore, Plaintiffs proclaim that they will proffer evidence that may lead us to reach a conclusive determination. Applying the relevant standard in a Rule 12(b)(6) motion, we must construe all facts in favor of Plaintiffs. Plaintiffs allege that, in violation of 15 U.S.C. 1692c(d), Defendants shared their information in connection with the collection of a debt without the third party's consent. Plaintiffs have inferred that they will be able to show through the evidence that Defendants were acting in connection with a debt collection. Accepting as true all well-pleaded factual allegations of the complaint and drawing all reasonable inferences in Plaintiffs' favor, if it is determined that the communication was in fact in connection of a debt, then Plaintiff's claim is viable. Construing this statute so as to not preclude any clause, sentence or word meaning and broadly interpreting the FDCPA through the eyes of the unsophisticated consumer, we are required to consider Plaintiffs' claim.

## Gramm-Leach-Bliley Act

Alternatively, Defendants affirmatively defend that aside from being in full compliance with the FDCPA, Defendants are in compliance with the Gramm-Leach-Bliley Act ("GLB"), 15 U.S.C. §6801, as well. GLB provides that sharing non-public personal information with third parties is permitted if the required notice is given. However, as in a recent ruling in *Stewart v. Asset Acceptance*, the GLB is irrelevant to this Motion to Dismiss because the Complaint asserts a

violation of the FDCPA, not the GLB. An affirmative defense is properly asserted "[o]nly when the plaintiff pleads itself out of court -- that is, admits all of the ingredients of an impenetrable defense -- may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)." *Stewart v. Asset Acceptance LLC*, No. 04-cv-1213-LJM-VSS (S.D. Ind. Nov. 19, 2004) (quoting *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F. 3d 899, 901 (7th Cir. 2004)). The affirmative defense available under the FDCPA is that the debt collector must show "by a preponderance of the evidence" that the alleged violation was not purposeful, and there was a genuine error despite the fact that Defendants employed reasonable means to avoid violations. 15 U.S.C. 1692k(c). Defendants have not made the requisite showing of this affirmative defense that would dispose of this claim.

### Harassment or Abuse and False Leading or Misleading Representations

Plaintiffs allege that the below-quoted language violates § 1692d(3) and 1692d(4) because it is abusive and harassing Additionally, Plaintiffs allege that the language below violates §1692e(5) and (10) of the FDCPA because it falsely or misleadingly represents to an unsophisticated consumer that their personal information can and will be shared regardless of their rights and wishes.

Defendants' Privacy Notice reads:

JOINT AGREEMENTS. The Sherman Companies from time to time may enter into agreements with other providers of financial products and services. These providers may perform services for us or they may join with us to offer customers and former customer new or different products and services. We may share collected information with these institutions, subject to the confidentiality and security requirements imposed by law.

BETWEEN SHERMAN COMPANIES. From time to time the Sherman Companies may share collected information with each other about customers and former

customers in accordance with applicable law. You may ask us not to share collected information between the Sherman Companies by writing to us and letting us know at P.O. Box 10438, Greenville, SC 29603. Your request will not affect collected information we are permitted by law to share, such as collected information related to our experiences and transactions with you.

(Compl. Exs. A-D.)

FDCPA attempts to eliminate abusive debt collection practices by debt collectors by enacting certain provisions, such as "a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Violations of this statute include publishing a "list of consumers who allegedly refuse to pay debts and the "advertisement for sale of any debt to coerce payment of the debt. *Id.* at 1692d(3)§ and 1692d(4). Furthermore, 15 U.S.C. §1692 also requires that debt collectors refrain from making "false or misleading representations," including threatening "to take any action that cannot legally be taken or that is not intended to be taken," and using "any false representation or deceptive means to collect or attempt to collect any debt"; *id.* at §1692e(5) and (10).

We first address the §1692 d(3) and §1692d(4)claims, which state:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (3) The publication of a list of consumers who allegedly refuse to pay debts
> (4) The advertisement for sale of any debt to coerce payment of the debt.

Statements that clearly indicate that the debt collector will be contacting an employer or third parties who are prohibited from being contacted under the FDCPA is a threat to a consumer. *Rutyna v. Collection Accounts Terminal, Inc.*, 478 F. Supp. 980, 982 (N.D. Ill. 1979). Also, threatening

statements are seen where a debt collector indicates that the consumer may expect horrible life changes as a result of an unpaid debt. *Herbert v. Wexler*, 1995 U.S. Dist. LEXIS 12888, *7 (N.D. Ill. Aug. 31, 1995) (noting that "[Y]ou cannot even begin to know the trouble and expense that is about to come into your life over this matter as we intend to do whatever is necessary to compel you to pay this obligation" is a violation of FDCPA). Further, a creditor's persistence in continuing to demand payment with increasingly harsh threats of loss of credit and business reputation is harassment and an example of a FDCPA violation. *Florence v. Natl. Sys.*, 1983 U.S. Dist LEXIS 20344, *8 (D. Ga., 1983).

The standard here for evaluating a violation is also that of the "unsophisticated consumer." Plaintiffs assert that informing the consumer that his information might be shared with unauthorized third parties is an implicit threat of invasion of privacy. The inclusion of such a statement is not a threat. In fact, Defendants state that all disclosures and sharing will be in a manner "otherwise permitted by law." Here, Defendants have not harassed or clearly threatened Plaintiffs that they would publish a list of consumers, nor have Defendants threatened any horrible life change or indicated that they will resort to clear illegal actions. Also, Defendants did not repeatedly call Plaintiffs with increased intimidation to pay a debt or threaten to advertise the sale of Plaintiffs' debt. Rather, Defendants have informed Plaintiffs of their rights and have indicated that they will only make disclosures that they believe are permitted by law. Therefore, through the eyes of an unsophisticated consumer, Defendants have not harassed or threatened Plaintiffs as contemplated under 15 U.S.C. §1692 d(3) and d(4).

Next, we address § 1692e(5), which is violated when a debt collector threatens to take action that cannot legally be taken, and §1692e(10), which prohibits debt collectors to use "any false,

deceptive, or misleading representation or means in connection with the collection of any debt."

First, courts have found that for a collection notice to wrongfully threaten action, it must, for example, falsely "communicate that a lawsuit is not merely a possibility, but that a decision to pursue legal action is either imminent or has already been made." *Jenkins v. Union Corp.*, 999 F. Supp. 1120, 1136 (N.D. Ill. 1998). However, where an unsophisticated consumer reasonably could interpret the statement to imply that the authors of a Privacy Notice could take the action they assert, then they have sufficiently stated a claim upon which relief can be granted. *Gammon*, 27 F.3d at 1257-58.

Plaintiffs say that §1692e(5) was violated because stating that they would disclose to unauthorized third parties, whether they actually did, is a violation of its own. Even though this does not infer that legal action is imminent, an unsophisticated consumer could reasonably interpret the statement to imply that Defendants could execute the actions noted in the Privacy Notice. Therefore, because it is undetermined whether the actions the Defendants' claim to make are actually authorized or unauthorized, the §1692e(5) claim must remain.

Similarly, §1692e(10) prohibits the use of any false representation or deceptive means to collect any debt. As to § 1692e(10), courts ruled that violations are present where a notice untruthfully indicates an action may be legally taken. *U.S. v. Nat'l Fin. Servs.*, 98 F. 3d 131,136, 138 (4th Cir. 1996) (stating that phrases like "your account will be transferred to an attorney if it is unpaid after the deadline date" and "remember your attorney will also want to be paid" violate § 1692e(10) because it gives the consumer the impression that he would undoubtedly require a lawyer). We interpret the alleged misleading content again through the eyes of the unsophisticated consumer. *Gammon*, 27 F.3d at 1257.

In this case, Plaintiffs indicate that Defendants have violated §1692e(10) because they misstated the consumer's rights with regard to having to affirmatively notify Sherman Defendants not to share their information. Requiring the consumer to affirmatively state that they do not want their information shared is not accurate, if the communication were in connection with the collection of the debt. Defendants do imply that they will share this information with potentially unauthorized third parties without the consumer's consent. Because whether the communication was made in connection with the collection of a debt has yet to be determined and an actual disclosure *would* be a violation of the consumer's rights, this statement would violate 15 U.S.C. §1692e(10). Therefore, as to §1692(5) and §1692(10), Plaintiffs present tenable claims and they may not yet be disposed.

VRS, ASG, and CMS, have offered added support for their Motion to Dismiss under Rule 12(b)(6). VRS, ASG, and CMS assert that the crux of the Complaint is based on the communication that is offered in the Privacy Notice which is given on behalf of the Sherman Financial Group LLC and its family of companies. (Compl. Exs. A-D). In the Privacy Notice, the companies that are part of the Sherman Companies are individually listed, and VRS, ASG, and CMS state that because their companies are excluded from this list, they are not proper Defendants. Plaintiffs argue that even though VRS, ASG, and CMS may not have authored the notices, they are "using" the notices, and according to the 15 U.S.C. §1692e, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with collection of a debt." 15 U.S.C. §1692e. Plaintiffs allege that by simply allowing the Privacy Notice to be included with their correspondence, ASG, VRS, and CMS have used the Privacy Notice. Further, because the Privacy Notice has alleged violations of the FDCPA, VRS, ASG, and CMS should be liable for the information contained in the notices. ASG and CMS further contend that they did not communicate to any third parties in

-12-

connection with the collection of a debt, so according to them, if there were any violations, they could only be sustained as to §1692e.

The Seventh Circuit has found that minimal participation by a debt collector in the collection process may impute liability under the FDCPA upon that debt collector. *Peters v. AT&T*, 43 F. Supp. 2d 926 (N.D. Ill. March 30, 1999) (quoting "the preparation of form letters lending a debt collector's name is a participation of sorts, and explicitly a statutory violation"). *White v Goodman*, 41 F. Supp. 2d 794 (N.D. Ill. 1998). Furthermore, to assess liability, courts have examined whether the collection agency's function was more of a mailing service or if its duties were more typical to a collection services company. *Id.* Even in the legislative commentary describing the intent of the FDCPA, it is clear that a debt collector may not imply that a third party may take action unless such action is legal. 53 Fed. Reg. 50097, 20106 (Dec. 13, 1988).

Here, VRS, ASG, and CMS did have at least minimal participation in Plaintiffs' debt collection process. VRS, ASG, and CMS included the Privacy Notices in their correspondence and they, therefore, should be responsible for the violation that may be contained therein. Sherman Defendants imply that they may share information and because Sherman Defendants' liability has not yet been determined, we cannot conclusively state at this time whether VRS, ASG and CMS have adopted such illegal implications. Once this step is completed, then the liability surrounding VRS, ASG, anc CMS can be properly assessed and determined whether these companies are jointly responsible for the Privacy Notice's effect. Therefore, the above discussion regarding all claims will apply also to VRS, ASG, and CMS.

## Conclusion

For the reasons stated above, Defendants' Motion to Dismiss is granted in part and denied in part. As to 15 U.S.C. §1692 d(3) and d(4) Defendants' 12(b)(6) Motion to Dismiss is granted. As to 15 U.S.C. §1692c(b), §1692e(5) and §1692e(10) Sherman Defendants 12(b)(6) Motion to Dismiss is denied.

**ENTER:**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**

**DATED:** DEC 9 2004
_____